UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CADLEROCK JOINT VENTURE, L.P., :
: <u>ORDER</u>
Plaintiff, :
: 09-CV-5170 (ENV)
-against- :
:
SCHNEUR MINSKY and YOCHEVED MINSKY, :
:
Defendants. :
:
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

By Order dated April 23, 2010, the Honorable Eric N. Vitaliano referred plaintiff's motion for default judgment to me for a report and recommendation on what relief should be awarded to plaintiff. Docket Entry 10. The court will consider all previous submissions in determining an award. The court, however, requests a brief memorandum of law, affidavits, or supporting documentation addressing the following issues.

First, I have a concern about whether service was properly effected on defendant Schneur Minsky. Even after entry of default, a court retains discretion over whether to grant a final default judgment. *Palmieri v. Town of Babylon*, 277 Fed. Appx. 72, 74 (2d Cir. 2008) (summary order); *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Acceptance Ins. Co. v. Home Med. of Am., Inc.*, 2005 WL 3471780, at *2 (S.D.N.Y. Dec. 20, 2005). Although insufficiency of service is an affirmative defense that is waivable if not raised by a defendant, a court may appropriately review the adequacy of service before entering a default judgment. *Palmieri*, 277 Fed. Appx. at 74; *Kucher v. Alternative Treatment Ctr. of Paterson, LLC*, 2009 WL 1044626, at *4 (E.D.N.Y. Mar. 27, 2009); *Forsberg v. Always Consulting, Inc.*, 2008 WL 5449003, at *17-18 (S.D.N.Y. Dec. 31, 2008); *Thomas v. Dunkin Donuts, Inc.*, 2008 WL 842431, at *2 (E.D.N.Y. Mar. 28, 2008); *Acceptance Ins. Co.*, 2005 WL 3471780, at *2.

Pursuant to New York law, a defendant may be served by "nail and mail" service "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode . . . and by . . . mailing the summons to such person at his or her last known residence" only after personal or substituted service "cannot be made with due diligence." N.Y. C.P.L.R. 308(4). Thus, prior to resorting to nail and mail service, a process server must make diligent attempts to serve a defendant personally or through substituted service. *Id.*; *see also County of Nassau v. Letosky*, 34 A.D.3d 414, 414 (2d Dep't 2006). Moreover, nail and mail service must be effected at defendant's actual dwelling place or usual place of abode. N.Y. C.P.L.R. 308(4); *see also Schwartzman v. Musso*, 201 A.D.2d 551, 552 (2d Dep't 1994).

According to the affidavit of service here, plaintiff's process server used the "nail and mail" method to serve defendant Schneur Minsky at 613 East New York Avenue, Apartment 5RB, Brooklyn. Docket Entry 7. The affidavit further indicates that the process server attempted personal service at this address on three occasions to no avail. *Id.* Although it appears that Schneur may have lived at the Brooklyn address in March, 2008, Compl. Ex. A, plaintiff's complaint alleges that Schneur currently resides in Monticello, New York, Compl. ¶ 2. There is no indication that plaintiff attempted to serve defendant Schneur at the Monticello address. Docket Entry 7.

Under these circumstances, I cannot determine whether defendant Schneur was properly served. *See*, *e.g.*, *Schwartzman*, 201 A.D.2d at 552 (finding that plaintiff failed to exercise due diligence before resorting to "nail and mail" service where no attempt was made to serve defendant at his residence as listed in the telephone directory). Accordingly, plaintiff shall file an affidavit providing further details with respect to service upon defendant Schneur no later than May 21, 2010, and explaining its basis for asserting that "nail and mail" service was proper.

Next, plaintiff shall identify the necessary elements to establish each of the claims it is pressing in its motion for default judgment. In particular, plaintiff shall address whether property is effectively transferred as of the date identified on the deed or the date the deed is recorded under New York law. Plaintiff's third cause of action is brought pursuant to New York Debtor and Creditor Law ("DCL") § 273-a. Under § 273-a, a conveyance is fraudulent if made without fair consideration and made while the transferor is a defendant in an action for money damages. Here, plaintiff states that its predecessor-in-interest, HSBC, instituted an action against Schneur Minsky and SG Mamsh, Inc. on August 29, 2007 in New York state court. Compl. ¶ 6. With respect to the transfer of the Brooklyn property from Schneur to Yocheved that plaintiff seeks to set aside as fraudulently conveyed, plaintiff has submitted evidence of a deed dated December 29, 2005, two years prior to the HSBC lawsuit, but the deed was not recorded until March 1, 2007. *Id*. ¶ 9. With respect to the Monticello property that Schneur transferred, the deed is dated March 27, 2007, but it was not recorded until April 11, 2008. *Id*. ¶ 10. Thus, it seems that the effective date of at least the second transfer is critical in determining whether the conveyance was fraudulent under DCL § 273-a, and that the first transfer is not actionable under 273-a at all.

In addition, plaintiff seeks a money judgment against defendant Yocheved Minsky in the full amount of the state court judgment it has against Schneur Minsky. Vlock Aff. ¶ 13, Docket Entry 8. Although a creditor may obtain a money judgment against a transferee who received a fraudulent conveyance from the debtor, the liability of a transferee, such as Yocheved here, is limited to the value of the property that was fraudulently conveyed. *Brown v. Kimmel*, 68 A.D.2d 896 (2d Dep't 1979); *see also Hassett v. Goetzmann*, 10 F. Supp. 2d 181, 191 (N.D.N.Y. 1998) ("[W]hen a conveyance is fraudulent under DCL § 273, the creditor may obtain judgment against any transferee to whom his debtor has transferred the property up to the value of the property [and] . . . limited to the amount of the creditor's claim.") (internal quotation marks and

3

citation omitted); *U.S. v. Red Stripe, Inc.*, 792 F. Supp. 1338, 1344 (E.D.N.Y. 1992). Plaintiff has not submitted any evidence of the value of the two properties that Schneur conveyed to Yocheved. Accordingly, I cannot determine the appropriate amount of any money judgment that might be entered against Yocheved without further information about the value of the properties allegedly fraudulently conveyed.

Finally, if plaintiff seeks an award of attorney's fees, it shall explain the legal basis for such an award and shall submit contemporaneous time records in compliance with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Plaintiff shall make its supplemental submission in support of its motion for default judgment no later than May 21, 2010. Any submission that defendants wish to make in response is due no later than June 4, 2010. Any reply that plaintiff wishes to make should be filed no later than June 11, 2010.

**The conference previously scheduled for May 21, 2010 is canceled.** Upon receipt of this Order, plaintiff is hereby directed promptly to serve a copy of this Order by certified mail, return receipt requested, on defendants at their last known addresses, and to provide the Court with a copy of the return receipt.

SO ORDERED.

Dated: Brooklyn, New York
April 30, 2010

_____s/_____
STEVEN M. GOLD
United States Magistrate Judge

*U:\eoc 2010\damages inquests\briefing orders\Cadlerock v Minsky.docx*